McGowan v. Tally.

McGowan, Trustee, v. Tally.

SUMMARY PROCEEDINGS. *Motion by trustee against officer for revenue.* A clerk in the office of the trustee, upon a settlement with an officer for unpaid taxes, makes a mistake, giving a receipt for a larger sum than he had really collected, but for the sum the officer really owed, and upon balancing his cash account afterwards, he discovered the mistake and makes good the sum to the trustee out of his own funds. *Held,* the trustee cannot maintain a motion under the act of 1875 against the officer for such unpaid revenue. The amount due from the officer is due the clerk and not to the trustee.

FROM SHELBY.

Appeal in error from the Circuit Court of Shelby county. J. O. PIERCE, J.

FINLAY & PETERS for Tally.

ATTORNEY-GENERAL LEA for Trustee.

FREEMAN, J., delivered the opinion of the court.

This is a motion made by plaintiff, as trustee of Shelby county, against defendant, a constable who had received a list of unpaid taxes in his civil district for collection, and who is alleged to have failed to pay over $100 of the money collected by him.

The collector has received and paid over the sum in contest, as hereinafter stated, and brings this motion under chap. xcl., acts of 1875, sec. 17, which is as

follows: "Be it further enacted, that the motion given against the sheriffs in this act on their bonds may be made by the trustee, in case he has to account for any tax justly due from the sheriff or constable."

The facts under which the payment of the money was made by the trustee, are seen from the following statement of the case found in this record:

Tally went to the office of the trustee in Memphis, on the 30th of November, 1881, to settle and pay over moneys by him collected. The amount was $376.30, as shown by his report. Several credits were to be allowed, to fix the precise sum of money to be paid—after deducting these, the amount of money was $342.91, as shown by a statement in the record. On the part of the trustee it is claimed, that there was a mistake made in the figures in arriving at the proper sum to be paid, in subtracting from the sum of $376.30 a credit of $3.65, due for commissions, so that instead of $372.65, the result was made $272.65, and from this sum was then taken the other credit of $29.91, thus making a difference of one hundred dollars, and that the constable then only paid this sum so ascertained, and got a receipt in full for the $376.30, by paying the amount given by the erroneous figuring of the clerk, Lemaster, who made the settlement. This clerk says, on counting his cash in the evening, he found his cash short $100, and finding next day in his blotter the paper containing the figures, plainly showing where the error occurred, he notified the constable of it, and sought a correction. In the meantime, as he was the money clerk, and responsible for

the cash account, and attended to the settlement alone, he put $100 of his own money in the cash drawer and handed it over to McGowan, the trustee, who knew nothing of the matter, and so the proper sum has gone into the county treasury—the clerk having paid the shortage in his own account out of his own money, the trustee never having paid anything, or been compelled to account for any tax due from the constable at all.

Now, an angry and earnest contest, and one in which there is, to say the least of it, much difficulty in deciding, is found in this record, between the clerk and Tally, as to which in fact made the mistake, or whether Tally did not in fact pay over the true amount, and the 'shortage occur in some other way than as stated. On this question both parties swear as positively and definitely to their respective views as can be, and the constable is shown to be of good character and reputation both for veracity and integrity.

The first question is, whether this is a case where a motion will lie under the above section of the act of 1875?

While we could not adhere to the ancient strictness, perhaps, of our earlier decisions literally in reference to summary proceedings, still we ought not to extend such a statutory remedy beyond the fair meaning of the terms used in the statute. The object of the statute was to give the trustees the remedy to which the tax collector under the former system had been entitled, in case he had to account for any tax which the sheriff or constable was due to him. It was to

enable the trustee to reimburse himself, when he had been compelled or held liable to pay and had paid. Now, in this case the trustee has not paid anything for the constable, or accounted for anything for him. The clerk, who was compelled to account for all moneys received by him to his employer, the trustee, has found on his theory that his accounts were short, and he has made good his own account by paying the deficit himself out of his own money, and as the proof shows, looked to the constable to reimburse him. The money was paid by the clerk in settlement of his own account. He has been compelled to pay to the trustee what the constable ought to have paid him—if his theory be correct—the trustee has not been compelled to pay anything. He has only received from his clerk the $100 which the clerk should have received, and says he did not because of the alleged mistake. This is not within the language of the statute—is not the case provided for, and we cannot extend the remedy beyond what the statute has provided.

Should McGowan recover in this case, it is not for his reimbursement, but for that of his clerk. He will in fact be bound in justice to pay the money over to him—certainly would have no legal right to it. If he should retain it he will have made this much clear, to which he is not entitled. If he is not entitled to the money when recovered, we certainly cannot be expected, under the most liberal rule applicable to summary proceeding, to allow him to use the statutory remedy to enforce the rights of another party,

who happened to be his clerk. This fact no more entitles the clerk to this remedy, than if the employee had been the trustee's boot-black, or in his service for any other purpose.